UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

IN RE: GINA GABRIELLA DAVIS     *     BK# 11-12163-NWW
                                            *
             DEBTOR                         *     CHAPTER 7

## OBJECTION TO TRUSTEE'S MOTION TO COMPROMISE AND SETTLE A MEDICAL PRODUCT LIABILITY CLAIM AND TO PAY ATTORNEY FEES, MEDICAL LIENS AND EXPENSES

Comes the Debtor, Gina Penny, fka Gina Gabrielle Davis, through counsel, to object to the Trustee's Motion to Compel Compromise and Settle a Medical Product Liability Claim and Pay Attorney Fees, Medical Liens and Expenses.

For cause, Debtor asserts the medical products liability claim is not property of the estate and the Trustee has no jurisdiction over the administration of this post-petition acquired asset.

Debtor denies various factual assertions and legal conclusions asserted by the Chapter 7 Trustee.

1. Debtor did have pre-petition surgery prior to the filling of this bankruptcy case. In the surgery, Debtor did have a mesh product used in that procedure. Debtor did not experience injury at that time, or before the filing of the bankruptcy.

2. Debtor filed a voluntary petition in bankruptcy on April 11, 2011. No cause of action existed at the time and no cause of action was scheduled. The case was closed on September 22, 2011.

3. Debtor had no symptoms of injury to a mesh implant prior to the commencement of the voluntary petition or the closing on September 22, 2011.

4. On October 27, 2015, Debtor had mesh excision/revision by Dr. Carl Zimmerman, at Vanderbilt Hospital.

5. On March 2, 2016, Debtor had a second mesh excision/revision by Dr. Colin Gouldelocke at Erlanger East Hospital.

6. On June 18, 2016, Debtor retained counsel to represent her in a products liability action related to a mesh implant.

7. The State of the law in Tennessee is that a products liability cause of action does not accrue until the following elements are satisfied as described in *Lynch v. S.C. Johnson & Son, Inc.,* 1497.3d 1183 (6th Cir. 1998, unpublished opinion) which reads:

> In Tennessee, the statutory limitations period for a product liability action does not begin to run until "a judicial remedy is available." *Wyatt v. A-Best, Co., Inc*., 910 S.W.2d 851, 855 (Tenn.1995); citing *Potts v. Celotex Corp.,* 796 S.W.2d 678, 681(Tenn. 1990); *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn. 1982)). "A judicial remedy is available when (1) a breach of a legally recognized duty owed to plantiff by defendant (2) causes plaintiff legally cognizable damage." Id. (citing *Potts,* 796 S.W.2d at 681). "Legally cognizable damages occur when a plaintiff discovers 'facts which would support an action for tort against the tortfeasor.' " Id. (quoting *Hathaway v. Middle Tennessee Anesthesiology, P.C.* 724 S.W.2d 355, 359 (Tenn.Ct.App.1986)).

8. The property of the estate as defined in 11 USC §541(a) is property which exists as of the commencement of the case. Debtor had not yet experienced any injuries as of the date of the commencement of the Chapter 7 case. In that the products liability cause of action did not accrue until 2015, this action is not property of the estate. This is the same result found in *In re Purcell*, 573 B.R.859 (Bankr., D. Kansas, 2017); *Mendelson v. Ross*, 251 F.Supp.3d 518; 2017 WL 19001288, (U.S.Dist Court., E.D. New York, 2017); and *In re Vasquez*, 581 B.R. 59 (Bankr., D. VT., 2018).

Premises considered, there is no jurisdiction for the Trustee to seize Debtor's personal injury settlement, and the Trustee is not to administer this settlement. The Trustee's motion must be denied as this is not an estate asset.

Respectfully Submitted:

KENNETH C. RANNICK, P.C.

/s/ Kenneth C. Rannick
Kenneth C. Rannick, #11106
LuAnn M. Whaley, #023085
4416 Brainerd Road
Chattanooga, TN 37411
423/624-4002 telephone
423/624-0509 facsimile
rannick@lawyerchattanooga.com e-mail

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this Motion has been served upon the parties listed below electronically or by placing the same in the United States Mail with sufficient postage thereupon to carry it to its destination, dated April 6, 2018.

/s/ Kenneth C. Rannick
Kenneth C. Rannick, #11106


Robert Wilkinson, Trustee
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421

Nancy A. Cogar, Attorney for Trustee
Law Offices of Nancy A. Cogar, Esq.
1200 Mountain Creek Road, Suite 485
Chattanooga, TN 37405

Gina Gabriella (Penny) Davis
10049 Miller Road
Soddy Daisy, TN 37379
Debtor